NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE A. SEARE; MARINETTE TEDOCO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF NEW YORK MELLON, FKA Bank of New York, on behalf of Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-18CB, Mortgage Pass-Through Certificates, Series 2007-18CB; et al., <br><br> Defendants-Appellees. | No. 17-15916 <br><br> D.C. No. 2:16-cv-00907-JCM-CWH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Wayne A. Seare and Marinette Tedoco appeal pro se from the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment dismissing their action related to foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' wrongful foreclosure claims because plaintiffs failed to allege facts sufficient to show that defendants failed to comply with Nevada law. *See* Nev. Rev. Stat. § 107.080 (setting forth requirements of a trustee sale under Nevada law); *see also Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258 (Nev. 2012) (en banc) (explaining that under Nevada law, Mortgage Electronic Registration System, Inc. may properly act as beneficiary of a trust deed, and an entity has authority to pursue foreclosure when it is entitled to enforce both the deed of trust and the note).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**